**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

WILLIAM TURCIOS,                :
                                     Civil Action No. 05-3106 (FLW)
       Petitioner,    :

       v.             :    **OPINION**

JONATHAN C. MINER, Warden,       :

       Respondent.    :


**APPEARANCES:**

Petitioner <u>pro se</u>
William Turcios
#68253-053
F.C.I. Fairton
P.O. Box 420
Fairton, NJ 08320

**WOLFSON**, District Judge

    Petitioner William Turcios, a prisoner currently confined at the Federal Correctional Institution at Fairton, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  The respondent is Warden Jonathan C. Miner.

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

Because it appears from a review of the Petition that Petitioner is not entitled to issuance of the writ, the Court will dismiss the Petition without prejudice.  <u>See</u> 28 U.S.C. § 2243.

## I.   BACKGROUND

Petitioner asserts that he is presently detained beyond the proper end of his sentence, because he is not being given correct credit for detention served prior to the commencement of his sentence.  Petitioner seeks credit for time during which he was detained in state custody on two separate sets of charges arising out of the same incident that gave rise to the federal charges.  In addition, Petitioner seeks credit for time spent in state legal custody, but in federal physical custody pursuant to a writ of habeas corpus ad prosequendum.  Following imposition of the federal sentence, Petitioner was returned to state custody where the prosecutor dismissed certain charges, Petitioner pleaded guilty to others, and the state court sentenced him to time served.  Petitioner contends that the language of the federal Judgment and Commitment Order supports his arguments.

Petitioner states that he has not exhausted his administrative remedies.  (Petition at 2.)

Here, Petitioner asks this Court to determine what credit he should receive for time served and to order his release.

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). See also 28 U.S.C. §§ 2243, 2254, 2255.

## III. ANALYSIS

The Attorney General is responsible for computing federal sentences for all offenses committed on or after November 1,

1987, United States v. Wilson, 503 U.S. 329 (1992) and 18 U.S.C. § 3585, and the Attorney General has delegated that authority to the Director of the Bureau of Prisons, 28 C.F.R. § 0.96 (1992).

Computation of a federal sentence is governed by 18 U.S.C. § 3585, and is comprised of a two-step determination of, first, the date on which the federal sentence commences and, second, the extent to which credit is awardable for time spent in custody prior to commencement of the sentence.

> (a) Commencement of sentence.--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(a), (b).

"Multiple terms of imprisonment imposed at different times run consecutively unless the Court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a). A federal court's authority to order that terms of imprisonment imposed at

different times shall run concurrently is limited, however, to cases in which the federal term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment. 18 U.S.C. § 3584(a). Where a state sentence has not yet been imposed, a federal court has no authority to order that its term of imprisonment shall run concurrently with a term of imprisonment that may be imposed in the future with respect to pending state charges. See Romandine v. United States, 206 F.3d 731, 737 (7th Cir. 2000); United States v. Quintero, 157 F.3d 1038 (6th Cir. 1998); United States v. Smith, 101 F.Supp.2d 332, 342-47 (W.D. Pa. 2000); United States v. McBride, 2000 WL 1368029 (E.D. Pa. Sept. 13, 2000). Cf. Barden v. Keohane, 921 F.2d 476, 484 (3d Cir. 1990) (noting that "the sentencing court not only was unable to order concurrency because it sentenced Barden before the state did but was actually powerless to do so"). Contra United States v. Williams, 46 F.3d 57, 58-59 (10th Cir.), cert. denied, 516 U.S. 826 (1995).

    The BOP, in the exercise of its discretion, also has authority to designate as a place of federal confinement, nunc pro tunc, the facilities in which Petitioner served his state sentence. See Barden, 921 F.2d at 480-83 (a defendant is entitled to "fair treatment" on his application for a nunc pro

tunc designation); 18 U.S.C. § 3621(b).[2]  The decision of the BOP is subject to judicial review only for abuse of discretion. Barden, 921 F.2d at 478.

    Here, however, Petitioner states that he has not exhausted his administrative remedies.[3]  Although 28 U.S.C. § 2241 contains

---

    [2] Section 3621(b) provides that, "The Bureau of Prisons shall designate the place of the prisoner's imprisonment.  The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable ... ."  Pursuant to BOP Program Statement 5160.04, "Appropriate state institutions will be designated for service of Federal sentences when such actions are in compliance with applicable statutes, court orders or recommendations, and the goals of the criminal justice system."  The Program Statement also provides that, when the federal judgment is imposed first and there is no recommendation regarding concurrent or consecutive service of the sentence, the BOP will enquire of the federal sentencing court whether the court has any objections to a nunc pro tunc designation.

    [3] The BOP Administrative Remedy Program is a three-tier process that is available to inmates confined in institutions operated by the BOP for "review of an issue which relates to any aspect of their confinement."  28 C.F.R. § 542.10.  An inmate must initially attempt to informally resolve the issue with institutional staff.  28 C.F.R. § 542.13(a).  If informal resolution fails or is waived, an inmate may submit a BP-9 Request to "the institution staff member designated to receive such Requests (ordinarily a correctional counsel)" within 20 days of the date on which the basis for the Request occurred, or within any extension permitted.  28 C.F.R. § 542.14.  An inmate who is dissatisfied with the Warden's response to his BP-9 Request may submit a BP-10 Appeal to the Regional Director of the BOP within 20 days of the date the Warden signed the response. 28 C.F.R. § 542.15(a).  The inmate may appeal to the BOP's General Counsel on a BP-11 form within 30 days of the day the Regional Director signed the response.  Id.  Appeal to the General Counsel is the final administrative appeal.  Id.

6

no statutory exhaustion requirement, a federal prisoner ordinarily may not bring a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the execution of his sentence, until he has exhausted all available administrative remedies.  See, e.g., Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000); Arias v. United States Parole Comm'n, 648 F.2d 196, 199 (3d Cir. 1981); Soyka v. Alldredge, 481 F.2d 303, 306 (3d Cir. 1973).  The exhaustion doctrine promotes a number of goals:

> (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy.

Goldberg v. Beeler, 82 F.Supp.2d 302, 309 (D.N.J. 1999), aff'd, 248 F.3d 1130 (3d Cir. 2000).  See also Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 761 (3d Cir. 1996).  Nevertheless, exhaustion of administrative remedies is not required where exhaustion would not promote these goals.  See, e.g., Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998) (exhaustion not required where petitioner demonstrates futility); Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988) (exhaustion may be excused where it "would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm"); Carling v. Peters, 2000 WL 1022959,

\*2 (E.D. Pa. 2000) (exhaustion not required where delay would subject petitioner to "irreparable injury").

Similarly, exhaustion of administrative remedies is not required where the issue presented involves only statutory construction, because there is no need for an administrative agency to develop a factual record or to apply its expertise with respect to the circumstances presented.  See Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981) (citing U.S. ex re. Marrero v. Warden, Lewisburg Penitentiary, 483 F.2d 656, 659 (3d Cir. 1973), rev'd on other grounds, 417 U.S. 653 (1974)).

Here, Petitioner alleges no facts that would suggest that exhaustion would be futile or otherwise excused.  To the contrary, the disposition of Petitioner's claim necessarily rests upon resolution of a number of factual issues.  In addition, there may be opportunity for exercise of discretion.  Accordingly, the Petition must be dismissed for failure to exhaust administrative remedies.

## IV. CONCLUSION

For the reasons set forth above, the Petition will be dismissed without prejudice.  An appropriate order follows.

 S/Freda L. Wolfson
 Freda L. Wolfson
 United States District Judge

Dated: September 12, 2005